UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC CHATMAN, CDCR #BD-5474,<br><br>                    Plaintiff,<br><br>    vs.<br><br>KEN GRODY FORD,<br><br>                    Defendant. | Case No.: 3:18-cv-00879-GPC-RBB<br><br>**ORDER:**<br><br>**1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) [ECF No. 2]**<br><br>**AND**<br><br>**(2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

    ERIC CHATMAN ("Plaintiff"), a prisoner incarcerated at Salinas Valley State Prison in Soledad, California, and proceeding pro se, has filed a has filed a seven-page Complaint in this Court alleging general negligence and wrongful termination on a form provided by the Judicial Council of California, and against a car dealership. *See* Compl., ECF No. 1.

///

1

| | |
|---|---|
| 1 | Plaintiff claims he was a "top salesman," but was wrongfully terminated from Ken |
| 2 | Grody Ford in Carlsbad, California "around" 1997 or 1998 by an "Arab" manager |
| 3 | "because [he] wasn't gay." *Id.* at 5-7. Plaintiff seeks more than $300 million in a "lump |
| 4 | sum," "28 autoparks," and "170% of Ford Corp." in compensation. *Id.* at 5. |
| 5 | Plaintiff did not pay the civil filing fee required by 28 U.S.C. § 1914(a) at the time |
| 6 | he submitted his Complaint; instead, he filed a Motion to Proceed *In Forma Pauperis* |
| 7 | ("IFP") pursuant to 28 U.S.C. § 1915(a). He has also submitted an additional exhibit and |
| 8 | letter addressed to the Court, which repeat the allegations in his Complaint. *See* ECF Nos. |
| 9 | 4, 6. These documents have been accepted for filing in light of Plaintiff's pro se status, |
| 10 | and despite Local Civil Rule 83.9, which clearly prohibits such ex parte communications. |
| 11 | *See* ECF Nos. 3, 5. |

**I.     Motion to Proceed IFP**

   A.     <u>Standard of Review</u>

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Plaintiff, however, "face … additional hurdle[s]." *Id.*

Specifically, in addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id.* at 1311.

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP civil action or appeal in federal court unless he alleges he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

B. <u>Application to Plaintiff</u>

The Court has reviewed Plaintiff's Complaint and finds that it contains no "plausible allegations" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Instead,

as described above, Plaintiff's claims he was wrongfully terminated by a car dealership more than twenty years ago, and before he was "sent to prison," *see* Compl., ECF No. 1 at 6, are not only insufficient to plausibly show ongoing or "imminent" danger of any serious physical injury, they also fail as a matter of law to support any viable federal claim for relief and are plainly frivolous. *See Ouzts v. Maryland Nat'l Ins. Co.*, 505 F.2d 547, 550 (9th Cir. 1974) ("[P]urely private conduct, no matter how wrongful, is not within the protective orbit of section 1983."); *Vey v. Clinton,* 520 U.S. 937, 937 (1997) (denying pro se litigant IFP status based on alleged civil rights and RICO violations by U.S. President and private citizens as "patently frivolous."); *see also Byrd v. Dir. of Corr.*, No. 3:15-CV-2339-GPC-KSC, 2016 WL 773229, at *2 (S.D. Cal. Feb. 29, 2016) (finding prisoner's allegations of having been denied access to court and discriminated against based on race and religion insufficient to invoke § 1915(g)'s imminent danger exception); *In re Gonzalez*, 2008 WL 666465 at *2-3 (N.D. Cal. March 6, 2008) (finding prisoner with a "delusional tale" of having a "special genetic structure," and being "irradiated … by radioactive smoke" by "government scientists," did not plausibly allege "imminent danger of serious physical injury."); *Holz v. McFadden*, 2010 WL 3069745 at *3 (C.D. Cal. May 21, 2010) (finding "imminent danger" exception to § 1915(g) inapplicable where prisoner implausibly claimed the FBI and BOP were "going to kill him."); *Sierra v. Woodford*, 2010 WL 1657493 at *3 (E.D. Cal. April 23, 2010) (finding "long, narrative, rambling statements regarding a cycle of violence, and vague references to motives to harm" insufficient to show Plaintiff faced an "ongoing danger" as required by *Cervantes*).

And while Defendants typically carry the burden to show that a prisoner is not entitled to proceed IFP, *Andrews*, 398 F.3d at 1119, "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120.

That is the case here.

///

A court may take judicial notice of its own records, *see Molus v. Swan*, Civil Case No. 3:05-cv-00452–MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Thus, this Court takes judicial notice that Plaintiff, Eric Chatman, identified as CDCR Inmate #BD-5474, has had four prior prisoner civil actions dismissed in this district alone on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

They are:

1) *Chatman v. Toyota of Escondido, et al.*, Civil Case No. 3:17-cv-01853-BAS-JLB (S.D. Cal. Nov. 8, 2017) (Order Granting Motion to Proceed IFP and Dismissing Civil Action for Failing to State a Claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and without leave to amend) (ECF No. 18) ("strike one");

2) *Chatman v. Cush Acura, et al.*, Civil Case No. 3:17-cv-01852-WQH-JLB (S.D. Cal. Nov. 21, 2017) (Order Granting Motion to Proceed IFP and Dismissing Civil Action for Failing to State a Claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and without leave to amend) (ECF No. 20) ("strike two");

3) *Chatman v. Super 8 Motel, et al.*, Civil Case No. 3:17-cv-02517-DMS-JMA (S.D. Cal. Feb. 15, 2018) (Order Denying Motion to Proceed IFP and Dismissing Civil Action for Failing to State a Claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and without leave to amend) (ECF No. 6) ("strike three"); and

4) *Chatman v. Super 8 Motel Co., et al.*, Civil Case No. 3:18-cv-00213-BAS-NLS (S.D. Cal. Feb. 20, 2018) (Order Granting Motion to Proceed IFP and Dismissing

Civil Action for Failing to State a Claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and without leave to amend) (ECF No. 6) ("strike four").[1]

Accordingly, because Plaintiff has, while incarcerated, accumulated more than three "strikes" pursuant to § 1915(g), and he fails to make a plausible allegation that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

## II. Conclusion and Orders

For the reasons discussed, the Court:

1) **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 2) as barred by 28 U.S.C. § 1915(g);

2) **DISMISSES** this civil action without prejudice for failure to pay the full statutory and administrative $400 civil filing fee required by 28 U.S.C. § 1914(a);

///

---

[1] Plaintiff has also been denied leave to proceed IFP pursuant to 28 U.S.C. § 1915(g) in several subsequent cases: *Chatman v. Cush Honda, et al.*, S.D. Cal. Civil Case No. 3:18-cv-00414-JLS-KSC (March 26, 2018 Order) (ECF No. 5); *Chatman v. Super 8 Motel Corp., et al.*, S.D. Cal. Civil Case No. 3:18-cv-00436-CAB-RBB (March 19, 2018 Order) (ECF No. 6); *Chatman v. Liquor Store, et al.*, S.D. Cal. Civil Case No. 3:18-cv-00563-GPC-JMA (May 14, 2018 Order) (ECF No. 8); *Chatman v. Ferrari Newport, et al.*, S.D. Cal. Civil Case No. 3:18-cv-00655-CAB-MDD (May 15, 2018 Order) (ECF No. 6); *Chatman v. Beverly Hills Lamborghini, et al.*, S.D. Cal. Civil Case No. 3:18-cv-00668-DMS-JMA (April 16, 2018 Order) (ECF No. 3); *Chatman v. Citibank Corp., et al.*, S.D. Cal. Civil Case No. 3:18-cv-00748-LAB-AGS (April 23, 2018 Order) (ECF No. 3); and *Chatman v. Chatman*, S.D. Cal. Civil Case No. 3:18-cv-00835-CAB-PCL (June 4, 2018 Order) (ECF No. 5).

3) **CERTIFIES** that an IFP appeal from this Order would be frivolous and therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

4) **DIRECTS** the Clerk of Court to enter judgment and close the file.[2]

**IT IS SO ORDERED**.

Dated: June 5, 2018

*(signature)*
Hon. Gonzalo P. Curiel
United States District Judge

---

[2] Because Plaintiff has repeatedly violated S.D. Cal. Local Civil Rule 83.9, which provides that "attorneys or parties to any action must refrain from writing letters to the judge," in this and all other his previous cases, he is cautioned that "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). <u>Therefore, any additional ex parte letters he attempts to file in this matter will be summarily rejected based on Local Rule 83.9, and because this Order terminates his case</u>.

7